IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL FIKES,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-0944 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JONATHAN MINOR,** | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

**I.   Background**

Petitioner, Michael Fikes, an inmate at the Allenwood United States Penitentiary ("USP-Allenwood") in White Deer, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Respondent is USP-Allenwood Warden Jonathan Minor.  Petitioner was sentenced by the Superior Court for the District of Columbia to a term of nineteen (19) years and thirty (30) days to life imprisonment.  Petitioner claims that the Parole Commission ("Commission") of the United States Bureau of Prisons applied amended standards to his parole application, in contravention of the Ex Post Facto Clause of the United States Constitution.  For the following reasons, the case will be summarily dismissed.

**II.   Discussion**

   **A.  Summary Dismissal of Habeas Petition**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F. Supp.

156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

### B. Parole Eligibility

Prior to enactment of the National Capital Revitalization and Self-Government Improvement Act of 1997, P.L. 105-33, Petitioner was convicted of a violation of the District of Columbia Code ("DC Code") and he was sentenced to a term of incarceration of nineteen (19) years and thirty (30) days to life. At the time of his conviction, authority for parole decisions for DC Code violators was vested in the District of Columbia Parole Board. However, under the National Capital Revitalization and Self-Government Improvement Act, enacted in 1997, the responsibility for parole decisions of all persons sentenced to incarceration in the District of Columbia was transferred to the Commission by the end of 2001. On August 5, 1998, the Commission assumed the responsibility of making parole-release decisions for all eligible District of Columbia Code felons, pursuant to 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, and D.C. Code Ann. § 24-209.

Relying entirely upon the holding of the recent case of *Fletcher v. Reilly*, 433 F.3d

867, 869 (DC Cir. 2006), Petitioner argues that retroactive application of amended parole standards to his review violates the Ex Post Facto Clause. Specifically, he claims that the revised parole regulations are primarily concerned with punishment and recidivism, and do not consider post-incarceration behavior as the old regulations did.

In *Fletcher*, the United States Court of Appeals for the District of Columbia Circuit recognized that retroactive changes in laws governing parole of prisoners may violate the Ex Post Facto Clause, if the retroactive application creates a significant risk of prolonging an inmate's incarceration. *Fletcher*, 433 F.3d at 869. The Court noted that a significant risk of increasing punishment can be demonstrated with (1) a showing of facial distinctions between the new and the old regulations, or (2) by introducing evidence that practical implementation of the new regulations by the agency will result in a longer period of incarceration. *Id*. at 877. The court concluded that the amended regulations for reparole were "substantially different" from the regulations they replaced, and the Court concluded that retroactive application of the amended regulations violated the Ex Post Facto Clause. *Id*. at 878.

However, Petitioner's reliance on the holding in *Fletcher* is misplaced. Since Petitioner is challenging retroactive application of the amended parole regulations, not the reparole regulations reviewed in *Fletcher*, the case is inapposite. Although the prior version of the regulations governing reparole suitability for DC Code offenders took into account post-incarceration behavior as a factor to be considered by the DC Parole Board, the amended reparole regulations eliminated this factor from consideration by the Commission in reparole decisions. *Id*. By contrast, the amended regulations governing parole suitability for DC Code offenders and the prior version they replaced both take into account post-

incarceration behavior.  *Id*.  Since the two versions of the parole regulations consider the same factors, they are not facially distinguishable, and retroactive application of the amended parole standards does not create a significant risk of prolonged incarceration for Petitioner.  Accordingly, retroactive application of the amended parole regulations does not violate the Ex Post Facto Clause, and the petition will be summarily dismissed.  An appropriate Order follows.


Dated: June 8, 2006.                             /s/ A. Richard Caputo
                                                 A. RICHARD CAPUTO
                                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL FIKES,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-0944 |
| v. | : | (Judge Caputo) |
| **JONATHAN MINOR,** | : | |
| Respondent. | : | |

## ORDER

**NOW, THEREFORE, THIS 8th DAY OF JUNE, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed pursuant to Rule 4 of the Rules governing habeas corpus petitions.

2. The Clerk of Court is directed to close the case.

3. Based on the Court's decision herein, there is no basis for the issuance of a certificate of appealability.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge